J-S04010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON WYMEN SEAUX, | |
| Appellant | No. 844 MDA 2014 |

Appeal from the Judgment of Sentence April 15, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-MD-0000365-2014

BEFORE:  BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 28, 2015**

Jason Wymen Seaux appeals from the judgment of sentence of six months probation after the court found him guilty of indirect criminal contempt.  We affirm.

The victim in this matter, Heather Rakers, was a former girlfriend of Appellant.  She received a Protection from Abuse ("PFA") order against Appellant, and that document prohibited him from contacting her directly or indirectly.  On December 28, 2013, multiple telephone calls were placed to her cell phone by a person using a phone with a local area code.  Ms. Rakers did not recognize the number and admitted that the caller did not speak during several of the calls.  She contacted Pennsylvania State Police, who

_____

[*]  Retired Senior Judge assigned to the Superior Court.

arrived shortly thereafter. While police were present, the victim received an additional call from the same phone number. The victim placed the caller on speaker phone. According to Ms. Rakers, she recognized the voice on the telephone as that of Appellant and submitted that he made sexually explicit and vulgar statements.

The trial court found Appellant guilty of indirect criminal contempt based on Ms. Rakers' testimony. The court sentenced Appellant to six months probation. Appellant timely appealed, and the court directed him to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the court authored its Pa.R.A.P. 1925(a) opinion. The matter is now ready for this Court's review. Appellant's sole issue on appeal is "was the evidence presented at trial sufficient to sustain a conviction of indirect criminal contempt when the Commonwealth did not prove beyond a reasonable doubt that Mr. Seaux was the individual who contacted Ms. Rakers?" Appellant's brief at 6.

In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. *Id*. When evidence exists to allow the fact-finder to

determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*.

Appellant argues that the victim's testimony that she recognized his voice on the telephone making the calls in question was insufficient to establish he violated the PFA. Although acknowledging that a defendant's identity may be established by voice, he maintains that the verdict was based on suspicion and conjecture. Appellant contends that he had a well-supported alibi that contradicted the identification. Appellant relies on *Commonwealth v. Derembeis*, 182 A. 85 (Pa.Super. 1935), in support. In *Derembeis*, the defendants were found guilty of robbery. The victim of the robbery had been blinded as a result of an attack during the crime, but he identified the culprits by their voices. The court did not discharge the defendants based on insufficient evidence, but remanded for new trials. In addition, with respect to one of the defendants, it was testified that he was

at work at the time of the commission of the crime and therefore could not have robbed the victim.

*Derembeis* is inapposite. It did not involve a person intimately familiar with the voice of the defendant nor was it a sufficiency of the evidence case. Further, Appellant's purported alibi was that he was in West Palm Beach, Florida. This alibi overlooks the fact that a harassing telephone call can be made from Florida, and cell phones with a local area code are easily transportable to other areas of the country. Here, the victim, who had been in an intimate relationship with Appellant, identified Appellant as the telephone caller in question. This evidence, viewed in a light most favorable to the Commonwealth, is sufficient to find that he violated the PFA.

Judgment affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2015